UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/8/2020___
```

----------------------------------------------------------------X
:
LAVERNE LEONARD, debtor-appellant,                              :
:
                Plaintiff,                               :
:
     -v-                                                      :            20-cv-1518 (LJL)
:
WELLS FARGO BANK, N.A.,                                         :             <u>ORDER</u>
:
                Defendant.                               :
:
----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Pursuant to Federal Rule of Bankruptcy Procedure 8018(1), the appellant, in this case Ms. Laverne Leonard, "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." On March 27, 2020, the Notice of Record of Appeal Availability was docketed. *See* Dkt. No. 5. Leonard has filed no brief.

      IT IS HEREBY ORDERED that Appellant Leonard shall file a brief in support of her appeal by June 12, 2020. Appellee shall serve and file a brief within 30 days after Appellant's brief is docketed. Appellant may, if she chooses, file a reply brief in further support of her appeal within 14 days after service of the appellee's brief.

      Attached to this order are: the Docket Sheet for this case, the Designation of Bankruptcy Record on Appeal, and the Record of Notice of Appeal Availability. A copy of this order, including attachments, will be mailed to debtor-appellant by Chambers.

      Be advised that In light of the current global health crisis, parties proceeding pro se are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Additional guidance on practices and procedures during the COVID-19 crisis is available on the Court's website, at https://nysd.uscourts.gov/hon-lewis-j-liman.

      SO ORDERED.

Dated: May 8, 2020
      New York, New York           _____
                                     LEWIS J. LIMAN
                             United States District Judge

**U.S. District Court**
**Southern District of New York (Foley Square)**
**CIVIL DOCKET FOR CASE #: 1:20-cv-01518-LJL**

In Re: Laverne Leonard

Assigned to: Judge Lewis J. Liman

Related Case: 1:20-cv-01558-LJL

Case in other court:  USBC-SDNY, 19-B-12337 (CGM)

Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 02/20/2020

Jury Demand: None

Nature of Suit: 422 Bankruptcy Appeal (801)

Jurisdiction: Federal Question

**In Re**

**Laverne Leonard**

**Debtor**

**Laverne Leonard**

**Appellant**

| | | |
|---|---|---|
| **Laverne Leonard** | represented by | **Laverne Leonard** |
| | | 130 West 131st Street |
| | | Apt. #1 |
| | | New York, NY 10027 |
| | | PRO SE |

V.

**Appellee**

| | | |
|---|---|---|
| **Wells Fargo Bank, N.A.** | represented by | **Brittany J. Maxon** |
| | | Woods Oviatt Gilman LLP |
| | | 700 Crossroads Bldg., 2 State St. |
| | | Rochester, NY 14614 |
| | | (585)-987-2814 |
| | | Email: bmaxon@woodsoviatt.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/20/2020 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge Cecelia G. Morris dated February 13, 2020. Bankruptcy Court Case Numbers: 19-B-12337 (CGM). Certified copies of file received.Document filed by Laverne Leonard. (Attachments: # 1 Exhibit A).(bkar) (Entered: 02/20/2020) |
| 02/20/2020 | | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (bkar) (Entered: 02/20/2020) |
| 02/20/2020 | | Case Designated ECF. (bkar) (Entered: 02/20/2020) |
| 02/20/2020 | 2 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Laverne Leonard..(bkar) (Entered: 02/20/2020) |
| 02/21/2020 | | NOTICE OF CASE REASSIGNMENT to Judge Lewis J. Liman. Judge Mary Kay Vyskocil is no longer assigned to the case..(wb) (Entered: 02/21/2020) |
| 02/26/2020 | 3 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellant Laverne Leonard..(bkar) (Entered: 02/26/2020) |
| 03/26/2020 | 4 | ORDER: Debtor-Appellant Laverne Leonard is permitted, on a temporary basis and pending further order of the Court, to file documents in this case by emailing the documents to chambers. Appellee counsel must be copied on any such email (email address: bmaxon@woodsoviatt.com). Any document filed in this manner will be promptly docketed on ECF, and the Court will not review the document until it is docketed. Further, the Court will not review or consider the content of any emails; the Court will only consider any attachments intended for public filing. A copy of this order will be emailed to both parties. SO ORDERED. (Signed by Judge Lewis J. Liman on 3/26/2020) (js) (Entered: 03/27/2020) |
| 03/27/2020 | 5 | NOTICE OF RECORD OF APPEAL AVAILABILITY (COMPLETION). Re: 1 Bankruptcy Appeal,. All Documents from the United States |

| | | Bankruptcy Court - Southern District of New York have been filed with the U.S.D.C. S.D.N.Y. Record of Appeal is Complete and Available Electronically. Appellant Brief due by 4/27/2020..(bkar) (Entered: 03/27/2020) |

**DESIGNATION OF ITEMS - 20-CV-1518**
**BANKRUPTCY CASE No. 19-12337**

| DOCKET # | DATE | DOCKET TEXT |
|---|---|---|
| 1 | 7.19.2019 | Chapter 13 Voluntary Petition |
| 11 | 8.27.2019 | NOTICE OF APPEARANCE - HSBC BANK USA, NATL ASSOC AS TRUSTEE |
| 20 | 10.7.2019 | ADVERSARY COMPLAINT C # 19-01369 |
| 24 | 10.31.2019 | MOTION TO DISMISS |
| 25 | 10.31.19 | MOTION FOR OBJECTION TO CLAIM |
| 29 | 11.5.19 | AFFIDAVIT OF SERV OF THE MOTION FOR OBJECTION TO CLAIM |
| 31 | 11.15.19 | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 32 | 11.15.19 | AFFIDAVIT OF SERV OF THE MOTION FOR OBJECTION TO CLAIM |
| 33 | 11.15.19 | RESPONSE TO THE MOTION TO DISMISS |
| 37 | 11.22.19 | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 40 | 11.25.19 | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 41 | 11.25.19 | AFFIDAVIT OF SERV OF THE MOTION FOR OBJECTION TO CLAIM |
| 46 | 12.2.2019 | CHAPTER 13 PLAN |
| 42 | 12.3.2019 | RESPONSE TO MOTION OBJECTION TO CLAIM |
| 47 | 12.4.2019 | OBJECTION TO CONFIRMATION OF PLAN |
| 48 | 12.6.19 | AFFIDAVIT OF SERVICE |
| 50 | 12.10.19 | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 52 | 12.10.19 | LETTER EMAIL EXCHANGE LAVERNE AND JON B. FELICE |
| 53 | 12.13.19 | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 54 | 12.13.19 | AFFIDAVIT OF SERVICE |
| 60 | 1.10.19 | AFFIDAVIT OF SERVICE ON JON B. FELICE, ESQ |
| 62 | 1.16.2020 | MOTION TO QUASH A SUBPOENA |
| 63 | 1.15.2020 | AFFIDAVIT OF SERVICE MULTIPLE PARTIES |
| 64 | 1.17.2020 | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 65 | 1.17.2020 | AFFIDAVIT OF SERVICE |
| 66 | 1.22.2020 | AFFIDAVIT OF SERVICE VARIOUS PARTIES |
| 67 | 1.22.2020 | OBJECTION TO CLAIM |
| 68 | 1.27.2020 | OPPOSITION TO DEFENDANTS OBJECTION TO QUASH |
| 69 | 1.27.2020 | AMENDED OPPOS TO DEFENDANTS MOTION DISMISS |
| 70 | 1.27.2020 | AFFIDAVIT OF SERVICE OF AMENDED ADVERSARY AND OBJECTION TO CLAIM |

1 of 3

| 71 | 1.27.2020 | | Affidavit of Service of Opposition to Defendants Objection & Motion to Quash Subpoena |
| 72 | 1.27.2020 | | AMENDED ADVERSARY PROCEEDING |
| 73 | 1.27.2019 | | AMENDED ADVERSARY PROCEEDING |
| 74 | 1.27.2020 | | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 78 | 1.27.2020 | | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 75 | 1.28.2020 | | AMENDED OPPOS TO DEFENDANTS MOTION DISMISS |
| | 1.30.2020 | DENIED | AMENDED MOTION FOR OBJECTION TO CLAIM |
| | 1.30.2020 | DENIED | AMENDED MOTION FOR OBJECTION TO CLAIM |
| 80 | 1.30.2020 | | ADJOURNMENT MOTION TO DISMISS |
| 81 | 1.30.2020 | | ADJOURNMENT RESPONSE TO MOTION TO DISMISS |
| 82 | 1.30.2020 | | ADJOURNMENT OPPOS TO DEFENDANTS MOTION |
| 85 | 2.6.2020 | | ADJOURNMENT MOTION TO QUASH SUBPOENA |
| 86 | 2.6.2020 | | ADJOURNMENT  OPPOS TO DEFENDANTS OBJECTION TO QUASH A SUBPOENA |

**Designation of items 20-CV-1518**
**BANKRUPTCY CASE No. 19-12337**

2 of 3

**DESIGNATION OF ITEMS 20-CV-1518**
**BANKRUPTCY CASE No. 19-01369**

| DOCKET # | | DATE | | DOCKET TEXT |
|---|---|---|---|---|
| 1 | | 10.7.2019 | | ADVERSARY COMPLAINT Case No. 19-01369 |
| 2 | | 10.7.2019 | | SUMMONS PRE-TRIAL 19-01369 |
| 3 | | 10.21.2019 | | AMENDED COMPLAINT Adversary Proceeding |
| 4 | | 10.31.19 | | AFFIDAVIT OF SERVICE |
| 5 | | 10.25.2019 | | AMENDED COMPLAINT Adversary Proceeding |
| 6 | | 11.5.2019 | | MOTION TO DISMISS  ADVERSARY PROCEEDING |
| 7 | | 11.15.2019 | | OPPOSITION TO THE MOTION TO DISMISS ADVERSARY PROCEEDING AMENDED NOTICE OF MOTION |
| 8 | **NOT** | 11.20.2019 | **SERVED** | **AMENDED MOTION TO DISMISS ADVERSARY PROCEEDING** |
| 10 | | 11.22.2019 | | AMENDED COMPLAINT Adversary Proceeding |
| 11 | | 11.25.2019 | | AMENDED COMPLAINT Adversary Proceeding |
| 14 | | 12.6.2019 | | OBJECTION TO SUBPOENA |
| 17 | | 12.9.2019 | | LETTER REJECTION OF SUBPOENA |
| 18 | | 12.10.2019 | | AMENDED COMPLAINT Adversary Proceeding |
| 19 | | 12.13.2019 | | AMENDED COMPLAINT Adversary Proceeding |
| 27 | | 1.10.2020 | | Affidavit of Service of notice of Subpoena |
| 28 | | 1.14.2020 | | MOTION TO EXPUNGE DOCUMENT |
| 29 | | 1.15.2020 | | Affidavit of Service of notice of Subpoena to Multiple Parties |
| 30 | | 1.15.2020 | | Affidavit of Service of notice of Subpoena |
| 32 | | 1.17.2020 | | OBJECT TO MOTION TO DISMISS Adversary Proceeding |
| 34 | | 1.22.2020 | | OBJECT TO MOTION TO DISMISS Adversary Proceeding |
| 35 | | 1.24.2020 | | MOTION TO QUASH A SUBPOENA |
| 36 | | 1.27.2020 | | OPPOS TO DEF OBJECT TO QUASH SUBPOENA |
| | | 1.30.2020 | **GRANT** | AMENDED MOTION TO DISMISS Adversary Proceeding |
| 38 | | 1.30.2020 | | ADJOURN PRE-TRIAL CONFERENCE |
| 39 | | 2.6.2020 | | ADJOURN MOTION TO QUASH SUPOENA |
| 40 | | 2.6.2020 | | ADJOURN OPP TO DEF OBJ MOTION TO QUASH SUBPOENA |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JUDGE LEWIS J. LIMAN

_____

IN RE:

LAVERNE M. LEONARD - *PLAINTIFF*

Vs.

HSBC BANK USA, NATIONAL ASSOCIATION AS
TRUSTEE FOR NORMURA ASSET ACCEPTANCE
CORPORATION, MORTGAGE PASS-THROUGH
CERTIFIATE, SERIES 2007-1 –

*DEFENDANT*

AKA: HSBC BANK USA, NATL ASSOCIATION AS
TRUSTEE FOR NAAC MORTGAGE PASS THROUGH
CERTIFICATE SERIES 2007-1
*DEFENDANT*

WELLS FARGO BANK – *SERVICING AGENT*
WELLS FARGO HOME MORTGAGE
*DEFENDANT*

**MOTION TO VACATE ORDER**

**INDEX No: 20-CV-1518**

**STATEMENT OF ISSUES**

*Property Address*
130 West 131st Street, New York, NY 10027
Block No. 1915 Lot No. 47

1. I'm appealing the Judgment of foreclosure and sale granted the Defendant dated April 29, 2019 Index No. 810093/2010, because Defendants case involved Fraud.

2. I'm seeking to appeal the Bankruptcy order dated February 11, 2020 **DENYING OBJECTION TO CLAIM** Case No. 19-12337 dated February 11, 2020 because Defendants case involved Fraud.

*In addition to Defendants Fraud*:

A) In the Bankruptcy Case No.19-12337 ***Denying Objection to Claim*** dated February 11, 2020. - Objection to Claim filings are *all* in the name of *HSBC Bank USA, Natl Association As Trustee for NAAC Mortgage Pass Through Certificate Series 2007-1*. The court order dated February 11, 2020 was issued *erroneously* in a different name; **HSBC BANK USA, NATIONAL ASSOCIATION FOR *NOMURA ASSET ACCEPTANCECORPORATION*, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1.**

Page 2 of 9
INDEX No.  20-CV-1518
Leonard Vs. HSBC Bank USA

I'm seeking relief by **VACATING** judgment or order dated February 11, 2020, due to *clerical error* on the order **DENYING OBJECTION TO CLAIM**.  The order reads; *HSBC Bank USA, National Association as Trustee for **Nomura Asset AcceptanceCorporation**, Mortgage Pass-Through Certificates, Series 2007-1*.  The latter is a different name from what appears in the Objection to Claim filed with the Bankruptcy Court listed as; *HSBC Bank USA, Natl Association As Trustee for **NAAC** Mortgage Pass Through Certificate Series 2007-1*.

*Pursuant to Bankruptcy Rule 9024 incorporates Fed. R. Civ. P. 60 and applies in cases under the Bankruptcy Code.  The Court may <u>correct a clerical mistake</u> or a mistake arising from oversight on omission whenever one is found in Judgment, Order or other part of the record.*

Plaintiff is seeking to Vacate Judgement of Foreclosure and Sale dated April 29, 2019 and the Bankruptcy order dated February 11, 2020 under the grounds that Defendant violated the;

3.  (Predatory Lending) and Federal Truth and Lending Act.

4.   Violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S. Code section 1692 et. Seq.

5.  The Qualified Written Request, pursuant to amendments of the Consumer Financial Protection Bureau, Title X of Dodd-Frank Act, Regulation Z, and 12 U.S.C section 6 of the Real Estate Settlement Procedures Act (2605), 15 U.S.C section 1641 of the Truth in Lending Act.

6.  Violations of the New York Banking law section 6-L(2)(k).

7.   RESPA, HOEPA, FDCPA, and TILA.

Page 3 OF 9
INDEX No. 20-CV-1518
Leonard Vs. HSBC Bank USA

## IMPROPER LEGAL REPRESENTATION
### LAW OFFICE OF JULIO E. PORTILLA, P.C.

A) On January 7, 2019 I retained the Law Office of Julio E. Portilla, P.C. (555 Fifth Avenue, 17th Floor, New York, NY 10017) to represent me in foreclosure action Index # 810093/2010, Property address: 130 West 131st Street, New York, NY 10027. Based on the statements of Mr. Portilla made on November 5, 2019 through *counsel David Blum & Associates to the Attorney Grievance Committee, docket No. 2019.1527.* Mr. Portilla *arbitrarily* delayed his defense or opposition until "after" the Defendant obtained a Judgment of foreclosure and sale, which judgment was granted by the court and filed on *April 29, 2019, index # 810093/2010.*

Because I was not properly defended in court after retaining Mr. Portilla. The Defendant was able to procure a judgment in STATE court. Further review of the court documents reveals that the Defendant obtained a judgment based on Fraudulent and inaccurate information. The Defendant subsequently used this judgment (JFS) in Bankruptcy Proceeding Case # 19-12337 and A.P. 19-01369.

I was *UNDULY HARMED* by my attorney, (Julio E. Portilla) decision to delay opposition. Mr. Portilla *failed* to file the opposition Motion until *July 15, 2019*, which was six (6) month's after retaining him, and almost two months after the foreclosure and Sale had already been granted to the Defendant in April 2019.

Mr. Portilla also failed to inform me that the Defendant had been granted a Judgement of foreclosure and Sale in April 2019.

Mr. Portilla's decision *tilted* the case on the side of the Defendant in State Court and the Defendant used the judgment obtained in the Bankruptcy court, Case No. 19-12337. The Defendant had an unfair advantage with the cooperation of my attorney (Julio E. Portilla. As result of Mr. Portilla's delay in representation, the property was scheduled in June 2019 to be auctioned on July 24, 2019 and I had to file bankruptcy on July 19, 2019 to stop the auction.

Mr. Portilla **didn't** inform me of the auction date, and I was informed by two different attorneys (Jon B. Felice, Esq and Scott Lanin, Esq) in the month of June 2019 via email. Mr. Portilla also *delayed* in filing the "change of attorney" with the County Clerk's Office.

Mr. Portilla was *retained on January 7, 2019* and his change of attorney was filed with the County Clerk's office on February 21, 2019. The next *entry* from Mr. Portilla on the Supreme Court General Index Reg was on July 15, 2019 filing of the opposition (Motion). Meanwhile the Defendant was steadily pursuing me in the foreclosure action. Mr. Portilla's opposition motion was denied on July 15, 2019. The Bankruptcy has negatively affected my credit, buying power and employment opportunities. Mr. Portilla was severed a Subpoena in the Bankruptcy (Adversary Proceeding) but has yet to respond to the Subpoena.

## IMPROPER LEGAL REPRESENTATION
### JON B. FELICE & ASSOCIATES, JON B. FELICE, ESQ

B) The Defendant was represented by Steven J. Baum, Esq. The Defendant commenced a foreclosure action in 2008, Index # 109372/08, Property 130 West 131st Street, New York, NY 10027. I met and retained an attorney name John J. Riccardi, Esq who was an attorney working at Jon B. Felice & Associates Law firm (11 East 44th Street, 1601 New York, NY 10017). Mr. Felice joined another Law Firm sometime later to my knowledge - Jon B. Felice & Associates, P.C. of Counsel Newman Ferrara LLP. In 2008

I was represented by Mr. Riccardi in the first foreclosure action Index # 109372/08. Then It was my understanding that sometime after the foreclosure action, Mr. Ricciardi left the Law Firm and Mr. Jon B. Felice was now personally handling my foreclosure actions (Index # 109372/08) plus three additional foreclosure actions that was filed against me.

Mr. Felice on one of my office visits to sign court documents, asked me to sign two (2) copies of the last page of a court document I didn't get to read. The second page with my signature Mr. Felice said he would make a copy of it to use in any future court documents he had to prepare in my behalf. The reason that was given, was to save me a trip downtown to his office to sign court papers each time he needed it for court.

At the time, this made sense since Mr. Felice was handling a total of four (4) properties in distress. Mr. Felice said he could simply attach my signature to the legal documents he prepared when he needed to present papers to the court in my behalf. This foreclosure case was during the financial crisis, so I didn't see anything wrong with Mr. Felice request.

The foreclosure action commenced on July 8, 2008 and in May 26, 2010, the Defendant through his attorney Steven J. Baum Esq discontinued this foreclosure action (Index #109372/08) and Mr. Felice and the Baum Firm signed a "Stipulation of Discontinuous."

On November 23, 2010, six (6) months later, the Defendant commenced a *second* foreclosure action, Index # 810093/2010 property address, 130 West 131st Street, New York, New York 10027. The second foreclosure action the Defendant launched was with a different attorney; *McCabe, Weisberg, & Conway, P.C.* However, the same fraudulent information introduced into the court system by The Baum Firm (Index # 109372/08), was filed in court and *re-used* in the second foreclosure case Index # 810093.2010.

Mr. Felice contacted me about this second foreclosure action in 2010 and I recollect being confused since my understanding was the first case was discontinued. I had to come in and sign another retainer agreement and provide another retainer fee.   I retained Mr. Felice again to represent me in the second foreclosure action index #810093/2010. Mr. Felice was my attorney of record from the year July 2008 to January 2019. Under Mr. Felice's watch the Defendant was granted a Summary Judgment in 2014/15.

Mr. Felice did *not* inform me of my legal right to appeal the Summary Judgment of 2014/15, nor did he explain the amount of time available to appeal the Summary Judgment.

Mr. Felice also *DID NOT* utilize *all* legal avenues in this foreclosure action. Steven B. Baum, Elpiniki Bechakas and Pillar Processing, LLC had been investigated by several governmental agencies for attorney misconduct, misrepresentation and fraud.   In additional to that, the legal precedence regarding Mr. Baum's foreclosure schemes was/is readily available to use.  Foreclosure actions instituted by Steven J. Baum that were denied are; *Index # 04 B 23460, 05-38803, 06-35505, 07-35282, 07-36217, 07-35608 and 16038/08 and many others.*  Mr. Felice also neglected to mention in his court papers; THE ENTITY KNOWN AS THE DEFENDANT IS **NOT** THE EXACT NAME OF THE ENTITY THAT ISSUES CERTIFICATES SERIES 2007-1 according to the online prospectus on the SEC.GOV website.  The entity that commenced a foreclosure action (Index # 810093/2010) against me is a **FICTICIOUS ENTITY**.

However, Mr. Felice did not suggest or file a motion in court to have the foreclosure case dismissed on the grounds of Fraud, misrepresentation and attorney misconduct. I requested that Mr. Felice use that in my defense, but he refused and never did so to my knowledge. Also, after the Bankruptcy filing in July 2019 and after a review of the court documents revealed that the legal precedents established in the courts against The Baum Firm was also true in my foreclosure case.

_The Defendants evidenced filed in Bankruptcy Court, Case No. 19-12337 docket No. 11 dated August 27, 2019 states on the Assignment of Mortgage regarding foreclosed property (130 West 131st Street, New York, NY 10027, block 1915, Lot 47, "THIS SAID MORTGAGE AS NOT BEEN OTHERWISED ASSIGNED."_ The Assignment of Mortgage is Fraudulent and would have been grounds for a DISMISSAL as in other foreclosure actions. the Defendant had no grounds to commence and maintain a foreclosure action for twelve (12) years and had no standing to file a Proof of Claim on August 27, 2019 Case No. 19-12337.

Later after I discovered the legal problems the court granting of the 2014/15 Summary Judgment to the Defendant had on my case. I question Mr. Felice on the reason for _not_ informing me I could appeal to the 2014 Summary Judgment. Mr. Felice stated that _"He didn't know he could."_ Mr. Felice also did not give me a copy of the agreement he signed with the Baum Firm in May 2010, and I wasn't aware that a written agreement had been signed in 2010, between Mr. Felice and the Baum Firm, until _after_ I filed Bankruptcy in

July 2019 and pulled the court files. Due to the way the "Stipulation of Discontinuous" was grafted between Mr. Felice and Steven J. Baum, with no mention of "with Prejudice." A second foreclosure action was filed by the Defendant in November 2010.

After filing bankruptcy in July 2019, I made several trips to the County Clerk's office at 60 Centre Street and paid for copies of both foreclosure actions. Copies of these documents

weren't supply to me by either attorney's (Jon B. Felice or Julio E. Portilla) during their representation. A review of the court file it appears Mr. Felice's legal representation in both foreclosure actions also lent itself to a "tilting" of the foreclosure case in the Defendants direction. In addition, Mr. Felice represented me in three (3) additional property foreclosure cases starting in 2008. I believe Mr. Felice represented me in a total of five (5) foreclosure actions. Steven J. Baum, Esq was the attorney for the Defendant on at least one other foreclosure case, and WELLS Fargo Bank was at least one of the Plaintiffs on the other foreclosure case, as they were in this foreclosure (Index 810093/2010.

Mr. Steven J. Baum, Esq commenced a foreclosure action on another property (Index # 11704/08), that Mr. Felice represented me on, and that involved Wells Fargo Bank. Mr. Felice informed me that Wells Fargo Bank foreclosed on this property (Index # 11704/08) in 2016, but he refused to state that under a sworn oath of a subpoena in 2019.

In the latter part of 2018, Mr. Felice contacted me to inform me that he could no longer continue with my foreclosure case, and for health reasons I should find another attorney. I searched for another attorney and met with the Law firm of Julio E. Portilla on January 7, 2019 as mentioned above.  Mr. Felice in an email said that he spoke (possibly email or phone) to my new attorney (Julio E. Portilla, Esq) in January 2019, within a day or so after retaining Mr. Portilla.

Mr. Felice was released as my attorney on January 7, 2019.  A review of the Supreme Court General Index Reg for Index 810093/2010 doesn't appear Mr. Felice facilitated much on my behalf since 2015.  The Defendant however steadily pursued the case.

At my request in 2019 after filing Bankruptcy, Mr. Felice released some documents to me in December 2019. But the documents that were turned over were very small to medium size folders and nowhere near the size of court documents I paid for and picked up at the County Clerk's office on the foreclosure case.  I don't know what Mr. Felice did with all those documents, but he did not turn them over to me in December 2019.

In January 2020, my process server attempted to serve Mr. Felice at his office.  Mr. Felice and his office *"evaded service"* of the Subpoena in the Bankruptcy Case 19-12337 and A.P. 19-01369.

## **DEFENDANTS FRAUDULENT FILINGS AND FALSE STATEMENTS**

C) As in the First and Second foreclosure action (Index 109372/08 & 810093/10) The Defendant has engaged in *fraud, misrepresentation, and other misconduct in obtaining the Summary Judgment in 2014/2015 in State court, a Judgment of Foreclosure and Sale in April 2019 AND order Dismissing Adversary Proceeding dated February 11, 2020 and order Denying Objection to Claim, which I'm seeking the court to Vacate.*

*Defendant filed the same fraudulent documents in the Bankruptcy Proceeding, Case No. 19-12337 on August 27, 2019.  The Defendant then filed <u>additional</u> fraudulent documents*

*and made false statements on November 5, 2019. January 14th, 16th and January 24, 2020 in Bankruptcy Proceeding Case No. 19-12337 and 19-01369 A.P.*

**CLPR section 5015 (a)(3)**) Provides that the court which rendered a Judgment may relieve a party from it upon such terms as may be just upon the ground of Fraud, Misrepresentation, or Misconduct. *See* CPLR section 5015 (a)(3).  CPLR section 5015(a)(3) requires the movant to articulate a fraud, not in the inducement of the agreement or the execution of the documents that form the basis for the complaint, but in the procurement of the judgment. *See* Fidelity New York, FSB v. Hanover Companies, Inc., 162 A.D. 2d 582, 583 (1990); Marine Midland Bank v. Hall, 74 A.D.2d 729 (1980); *see also* In re Holden, 271 N.Y. 212, 218 (1936).

Additionally, New York has long recognized that the integrity of the judicial process and the honesty of those who avail themselves of it are among the paramount values of the judicial system.  To protect these values, CPLR section 5015 (a)(3) authorizes a court to vacate a judgment *"upon the ground of ...fraud, misrepresentation, or other misconduct of an adverse party."*

The contemplated misconduct includes the procurement of an order or judgment *"based on a fraudulent instrument... [,] perjured testimony, or any other item presented to and acted on by the court, whenever its fraudulent component." SIEGEL, PRAC. COMM. CPLR 5015:8.* Accordingly, where a judgment or order results from a party's misrepresentation to the court, vacatur under CLPR section 5015(a)(3) is mandated.  See, e.g., Li Xian v. Tat Lee Supplies Co., Inc., 126 A.D.3d 424 (1st Dep't 2015) (vacatur warranted where the "judgment was obtained through misrepresentation");

Peterson v. Melchiona, 269 A.D.2d 375, 375-76 (2d Dep't 2000) (vacating dismissal of complaint where defendant "had engaged in *fraud, misrepresentation, or other misconduct,* by making false statements in support of its prior motion").  The court also is empowered to vacate prior proceedings in the interest of substantial justice.  *See* Woodson v. Mendon Leasing Corp., 100 N.Y.2d 62, 68 (2003): Goldman v. Cotter, 10 A.D.3d 289, 293 (1st Dep't 2004); Appalachian Ins. Co. v. General Elec. C., 8 A.D.3d 109, 109 (1st Dep't 2004); Bay Crest Assn., Bay Crest Assn., Inc. v. Paar, 99 A.D.3d 744, 746 (2d Dep't 2012)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JUDGE LEWIS J. LIMAN

_____

IN RE:


LAVERNE M. LEONARD - *PLAINTIFF*                    <u>**MOTION TO VACATE ORDER**</u>

     Vs.                                              **INDEX No:  20-CV-1518**

 BANK USA, NATIONAL ASSOCIATION AS
TRUSTEE FOR NORMURA ASSET ACCEPTANCE
CORPORATION, MORTGAGE PASS-THROUGH                    **STATEMENT OF ISSUES**
CERTIFIATE, SERIES 2007-1

     *DEFENDANT*

*AKA:* HSBC BANK USA, NATL ASSOCIATION AS              <u>Property Address</u>
TRUSTEE FOR NAAC MORTGAGE PASS THROUGH       130 West 131st Street, New York, NY 10027
CERTIFICATE SERIES 2007-1                              Block No. 1915 Lot No. 47
     *DEFENDANT*

WELLS FARGO BANK – *SERVICING AGENT*
WELLS FARGO HOME MORTGAGE
     *DEFENDANT*


Laverne M. Leonard – Plaintiff
Index No. 20-CV-1518

_____
       2-24-20
         DATE



PAGE 9 OF 9

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
## Bankruptcy Petition #: 19−12337−cgm

*Date filed:* 07/19/2019
*341 meeting:* 12/10/2019
*Deadline for filing claims:* 09/27/2019

*Assigned to:* Judge Cecelia G. Morris
Chapter 13
Voluntary
Asset

| | |
|---|---|
| ***Debtor*** | represented by **Laverne Leonard** |
| **Laverne Leonard** | PRO SE |
| 130 West 131st Street | |
| Apt. #1 | |
| New York, NY 10027 | |
| NEW YORK−NY | |
| SSN / ITIN: xxx−xx−1981 | |
| ***dba*** **LML Realty** | |

| | |
|---|---|
| ***Trustee*** | represented by **Krista M. Preuss** |
| **Krista M. Preuss** | Chapter 13 Standing Trustee |
| Chapter 13 Standing Trustee | 399 Knollwood Road |
| 399 Knollwood Road | White Plains, NY 10603 |
| White Plains, NY 10603 | (914) 328−6333 |
| (914) 328−6333 | Fax : (914) 328−7299 |
| Tax ID / EIN: 82−3912823 | Email: info@ch13kp.com |

***U.S. Trustee***
**United States Trustee**
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
(212) 510−0500

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 07/19/2019 | | 1 | Chapter 13 Voluntary Petition for Individual. Order for Relief Entered. Fee Amount $ 100.00, Receipt Number 204569 Section 521(i) Incomplete Filing Date: 9/3/2019. Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period – Form 122C−1 Due 8/2/2019 Schedule A/B due 8/2/2019. Schedule C due 8/2/2019. Schedule D due 8/2/2019. Schedule E/F due 8/2/2019. Schedule G due 8/2/2019. Schedule H due 8/2/2019. Schedule I due 8/2/2019. Schedule J due 8/2/2019. Summary of Assets and Liabilities due 8/2/2019. Statement of Financial Affairs due 8/2/2019. Chapter 13 Model Plan due 8/2/2019. Incomplete Filings due by 8/2/2019, Filed by Laverne Leonard . (Lewis, Tenille) (Entered: 07/19/2019) |
| 08/27/2019 | | 11 | Notice of Appearance filed by Brittany J. Maxon on behalf of Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset AcceptanceCorporation, Mortgage |

| | | | |
|---|---|---|---|
| | | | Pass−Through Certificates, Series 2007−1. (Attachments: # 1 Certificate of Service)(Maxon, Brittany) (Entered: 08/27/2019) |
| 10/07/2019 | | 20 | Adversary case 19−01369. Complaint against HSBC Bank USA, NATL Association As Trustee for NAAC Mortgage Pass Through Certificate Series 2007−1 (Fee Amount $ 350.) (Receipt Number 623.). Nature(s) of Suit: (14 (Recovery of money/property − other)), (13 (Recovery of money/property − 548 fraudulent transfer)), (68 (Dischargeability − 523(a)(6), willful and malicious injury)), (62 (Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud)), (67 (Dischargeability − 523(a)(4), fraud as fiduciary, embezzlement, larceny)) Filed by Laverne Leonard. (Attachments: # 1 Adversary Cover Sheet # 2 Exhibits) (Lewis, Tenille) (Entered: 10/07/2019) |
| 10/31/2019 | | 24 | Motion to Dismiss Case filed by Krista M. Preuss on behalf of Krista M. Preuss with hearing to be held on 11/21/2019 at 09:00 AM at Courtroom 617. (Preuss, Krista) (Entered: 10/31/2019) |
| 10/31/2019 | | 25 | Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 11/01/2019) |
| 11/05/2019 | | 29 | Affidavit of Service *of the motion for objection to claim* Filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 11/08/2019) |
| 11/15/2019 | | 31 | Amended Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard with hearing to be held on 12/12/2019 at 09:05 AM at Courtroom 617. (Kinchen, Gwen) (Entered: 11/18/2019) |
| 11/15/2019 | | 32 | Affidavit of Service Filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 11/18/2019) |
| 11/15/2019 | | 33 | Response *to the Motion to Dismiss* filed by Laverne Leonard. with hearing to be held on 11/21/2019 at 09:00 AM at Courtroom 617 (Kinchen, Gwen) (Entered: 11/18/2019) |
| 11/22/2019 | | 37 | Third Amended Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard with hearing to be held on 12/12/2019 at 09:05 AM at Courtroom 617. (Kinchen, Gwen) (Entered: 11/26/2019) |
| 11/25/2019 | | 40 | Fourth Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard with hearing to be held on 12/12/2019 at 09:05 AM at Courtroom 621 (CGM − NYC). (DuBois, Linda) (Entered: 11/27/2019) |
| 11/25/2019 | | 41 | Affidavit of Service *re: Amended Notice of Objection to Claim* Filed by Laverne Leonard. (DuBois, Linda) (Entered: 11/27/2019) |
| 12/02/2019 | | 46 | Model Chapter 13 Plan , Extension of the commitment period of the Chapter 13 plan from 36 months to 60 months requested , Debtor has a Domestic Support Obligation, Motion for Valuation of Collateral , Application for Loss Mitigation Pursuant to General Order M455 Filed by Debtor Laverne Leonard . (DuBois, Linda) (Entered: 12/03/2019) |
| 12/03/2019 | | 42 | Response to Motion *Objection to Claim* (related document(s)25, 31, 40, 37) filed by Brittany Maxon on behalf of Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset AcceptanceCorporation, Mortgage Pass−Through Certificates, Series 2007−1. with hearing to be held on 12/12/2019 at 09:05 AM at Courtroom 621 (CGM − NYC) (Attachments: # 1 Exhibit # 2 |

| | | | |
|---|---|---|---|
| | | | Exhibit # 3 Exhibit # 4 Affidavit of Mailing) (Maxon, Brittany) (Entered: 12/03/2019) |
| 12/04/2019 | | 47 | Objection to Confirmation of Plan (related document(s)46) filed by Brittany Maxon on behalf of Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset AcceptanceCorporation, Mortgage Pass–Through Certificates, Series 2007–1. (Maxon, Brittany) (Entered: 12/04/2019) |
| 12/06/2019 | | 48 | Affidavit of Service Filed by Laverne Leonard. (Attachments: # 1 Affidavit of Service # 2 Affidavit of Service # 3 Affidavit of Service) (Kinchen, Gwen) (Entered: 12/06/2019) |
| 12/10/2019 | | 50 | Fifth Amended Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard with hearing to be held on 12/12/2019 at 09:05 AM at Courtroom 621 (CGM – NYC). (Kinchen, Gwen) (Entered: 12/10/2019) |
| 12/10/2019 | | 52 | Letter *email exchange* Filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 12/10/2019) |
| 12/13/2019 | | 53 | Sixth Amended Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 12/13/2019) |
| 12/13/2019 | | 54 | Affidavit of Service Filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 12/13/2019) |
| 01/10/2020 | | 60 | Affidavit of Service *of Subpoena on Jon B. Felice, Esq., Jon B. Felice & Associates, P.C.* filed by Clerk of Court, United States Bankruptcy Court, SDNY. (Fredericks, Frances) (Entered: 01/13/2020) |
| 01/15/2020 | | 63 | Affidavit of Service *of subpoena to multiple parties* Filed by Laverne Leonard. (Attachments: # 1 Affidavit of service of subpoena # 2 Affidavit of service of subpoena # 3 Affidavit of service of subpoena # 4 Affidavit of service of subpoena # 5 Affidavit of service of subpoena # 6 Affidavit of service of subpoena # 7 Affidavit of service of subpoena # 8 Affidavit of service of subpoena # 9 Affidavit of service of subpoena)(Kinchen, Gwen) (Entered: 01/17/2020) |
| 01/16/2020 | | 62 | Motion to Quash A Subpoena filed by Brittany Maxon on behalf of Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset AcceptanceCorporation, Mortgage Pass–Through Certificates, Series 2007–1 with hearing to be held on 2/6/2020 at 09:40 AM at Office of UST (One Bowling Green, Fifth Floor, Room 511) Responses due by 1/30/2020,. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Affidavit of Mailing) (Maxon, Brittany) (Entered: 01/16/2020) |
| 01/17/2020 | | 64 | Amended Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard with hearing to be held on 1/30/2020 at 09:05 AM at Courtroom 617. (Kinchen, Gwen) (Entered: 01/22/2020) |
| 01/17/2020 | | 65 | Affidavit of Service Filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 01/22/2020) |
| 01/22/2020 | | 66 | Affidavit of Service – *various parties* Filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 01/23/2020) |

| 01/22/2020 | | 67 | Objection *to claim* filed by Laverne Leonard. (Kinchen, Gwen) (Entered: 01/23/2020) |
|---|---|---|---|
| 01/27/2020 | | 68 | Opposition *to Defendant's Objection to and Motion to Quash Subpoena* (related document(s)62) filed by Laverne Leonard. with hearing to be held on 2/6/2020 at 09:40 AM at Courtroom 617 (DeCicco, Vincent) (Entered: 01/28/2020) |
| 01/27/2020 | | 69 | Amended Opposition *to Defendant's Motion to Dismiss* (related document(s)24, 33) filed by Laverne Leonard. (DeCicco, Vincent) Additional attachment(s) added on 1/28/2020 (DeCicco, Vincent). (Entered: 01/28/2020) |
| 01/27/2020 | | 70 | Affidavit of Service *of Amended Adversary Proceeding, Amended Objection to Claim, and Amended Opposition to Defendant's Motion to Dismiss* (related document(s)20, 64, 69) Filed by Laverne Leonard. (DeCicco, Vincent) (Entered: 01/28/2020) |
| 01/27/2020 | | 71 | Affidavit of Service *of Opposition to Defendant's Objection to and Motion to Quash Subpoena* (related document(s)68) Filed by Laverne Leonard. (DeCicco, Vincent) (Entered: 01/28/2020) |
| 01/27/2020 | | 72 | Amended Adversary Proceeding (related document(s)20) Filed by Laverne Leonard. (DeCicco, Vincent) Modified on 1/28/2020 (DeCicco, Vincent). (Entered: 01/28/2020) |
| 01/27/2020 | | 73 | Amended Adversary Proceeding (related document(s)20, 72) Filed by Laverne Leonard. (DeCicco, Vincent) Modified on 1/28/2020 (DeCicco, Vincent). (Entered: 01/28/2020) |
| 01/27/2020 | | 74 | Amended Motion for Objection to Claim(s) Number: 2 (related document(s)67) with hearing to be held on 1/30/2020 at 09:05 AM at Poughkeepsie Courthouse – 355 Main Street filed by Laverne Leonard. (DeCicco, Vincent) (Entered: 01/28/2020) |
| 01/27/2020 | | 78 | Amended Motion for Objection to Claim(s) Number: 2 *adding exhibits O, P, Q, R and S* filed by Laverne Leonard with hearing to be held on 1/30/2020 at 09:05 AM at Courtroom 617. (Kinchen, Gwen) (Entered: 01/29/2020) |
| 01/28/2020 | | 75 | Amended Opposition *to Defendants Motion to Dismiss* (related document(s)69) filed by Laverne Leonard. (DeCicco, Vincent) (Entered: 01/28/2020) |
| 01/30/2020 | | | Pending Deadlines Terminated re: Amended Motion for Objection to Claim(s) Number: 2 adding exhibits O, P, Q, R and S filed by Laverne Leonard; Hearing held, motion **denied**, submit order. (DuBois, Linda). (Entered: 01/31/2020) |
| 01/30/2020 | | | Pending Deadlines Terminated re: Amended Motion for Objection to Claim(s) Number: 2 (related document(s)67); Hearing held, motion **denied**, submit order. (DuBois, Linda). (Entered: 01/31/2020) |
| 01/30/2020 | | | Pending Deadlines Terminated re: Notice of Hearing to consider the Sixth Amended Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard (related document(s)53); Hearing held, motion **denied**, submit order. (DuBois, Linda). (Entered: 01/31/2020) |

| 01/30/2020 | | | Pending Deadlines Terminated re: Amended Motion for Objection to Claim(s) Number: 2 filed by Laverne Leonard; Hearing held, motion **denied**, submit order. (DuBois, Linda). (Entered: 01/31/2020) |
|---|---|---|---|
| 01/30/2020 | | | Pending Deadlines Terminated re: Objection to claim filed by Laverne Leonard (Doc #67); Hearing not held, See Doc #64 for Amended Objection. (DuBois, Linda). (Entered: 02/03/2020) |
| 01/30/2020 | | 80 | Notice of Adjournment of Hearing re: re: Motion to Dismiss Case filed by Krista M. Preuss on behalf of Krista M. Preuss; Hearing held and adjourned to 3/26/2020 at 09:40 AM at Courtroom 617 (DuBois, Linda). (Entered: 02/04/2020) |
| 01/30/2020 | | 81 | Notice of Adjournment of Hearing re: Response to the Motion to Dismiss filed by Laverne Leonard; Hearing held and adjourned to 3/26/2020 at 09:40 AM at Courtroom 617 (DuBois, Linda). (Entered: 02/04/2020) |
| 01/30/2020 | | 82 | Notice of Adjournment of Hearing re: Amended Opposition to Defendants Motion to Dismiss (related document(s)69) filed by Laverne Leonard ; Hearing held and adjourned to 3/26/2020 at 09:40 AM at Courtroom 617 (DuBois, Linda). (Entered: 02/04/2020) |
| 02/06/2020 | | 85 | Notice of Adjournment of Hearing re: Motion to Quash A Subpoena filed by Brittany Maxon on behalf of Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset AcceptanceCorporation, Mortgage Pass–Through Certificates, Series 2007–1 (related document(s)62); Hearing not held, adjourned for record purposes only to 3/26/2020 at 08:30 AM at Courtroom 617 (DuBois, Linda). (Entered: 02/06/2020) |
| 02/06/2020 | | 86 | Notice of Adjournment of Hearing re: Opposition to Defendant's Objection to and Motion to Quash Subpoena (related document(s)62) filed by Laverne Leonard; Hearing not held, adjourned for record purposes only to 3/26/2020 at 08:30 AM at Courtroom 617 (DuBois, Linda). (Entered: 02/06/2020) |
| 02/11/2020 | | 90 | Order Denying Motion For Objection to Claim(s) #2 (Related Doc # 25) signed on 2/11/2020. (DuBois, Linda) (Entered: 02/11/2020) |
| 02/13/2020 | | 91 | Notice of Appeal (related document(s)90) filed by Laverne Leonard. (Attachments: # 1 Exhibit)(Rouzeau, Anatin) (Entered: 02/14/2020) |
| 02/25/2020 | | 93 | Designation of Contents (appellant). *and Statement of Issues* (related document(s)91) filed by Laverne Leonard. (Rouzeau, Anatin) (Entered: 02/26/2020) |