UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                           :
LAVERNE LEONARD,                                           :
                                                           :
                                      Appellant,           :
                                                           :                20-cv-1518 (LJL)
              -v-                                          :                20-cv-1558 (LJL)
                                                           :                20-cv-6811 (LJL)
HSBC Bank USA, NA, et al.                                  :                20-cv-6806 (LJL)
                                                           :
                                      Appellees.           :                ORDER AND OPINION
                                                           :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

   In this consolidated action, appellant Laverne M. Leonard ("Appellant" or "Leonard")

appeals from orders of the bankruptcy court: (1) denying her objection to claims entered on

February 11, 2020 (No. 20-cv-1518); (2) dismissing the adversary proceeding, A.P. No. 19-

01369 (No. 20-cv-1558); (3) granting the Trustee's motion to dismiss her underlying bankruptcy

case, No. 19-12337 (No. 20-cv-06806); and (4) dismissing her adversary proceeding, A.P. No.

20-01193 (No. 20-cv-6811).

## BACKGROUND

### A.    The Relevant Parties

   Appellee Wells Fargo Bank, N.A. ("Wells Fargo"), is the servicing agent for HSBC Bank

USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage

Pass-Through Certificates, Series 2007-1 ("HSBC").  Appellee HSBC is the holder of a note,

dated December 18, 2006, in the principal amount of $1,237, 500.00, plus interest (the "Note").

   Leonard is the obligor on the Note which is secured by a mortgage (the "Mortgage"), also

signed by Leonard on December 18, 2006, granting the holder of the Note a security interest in

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/15/2021

Leonard's property at 130 West 131th Street in New York, New York (the "Subject Property").

The mortgage was recorded in the Office of the Clerk of the County of New York on February 1,

2007.  HSBC is the assignee on the mortgage.

Appellee Krista M. Preuss was duly appointed as Chapter 13 Trustee in appellant's

bankruptcy case

### B.     The State Court Proceedings

On November 23, 2010, HSBC brought an action for a judgment of foreclosure and sale

against Leonard and the subject property by filing a Notice of Pendency and Summons and

Complaint in New York State Supreme Court, New York County.  *See* No. 20-cv-1558, Dkt. No.

29, Ex. B.  The complaint filed against Leonard recited that she was the obligor on a mortgage

note dated December 18, 2006 in the amount of $1,237,500.00; that HSBC was the holder of the

note and mortgage having been assigned it from Mortgage Electronic Registration Systems, Inc.,

as nominee for Sterling Empire Funding Associates, Ltd.; and that appellee had failed to comply

with the terms and provisions of the note and mortgage, having failed to pay principal and

interest and/or taxes, insurance premiums, escrows, and/or other charges commencing with the

March 1, 2008 payment.  *Id.*  The complaint sought a judgment of foreclosure against Leonard

and the other defendants named in the lawsuit as well as a direction that the mortgage premises

be sold.  *Id.*  A supplemental notice of pendency was filed on January 8, 2016 and December 17,

2018, and a motion for a judgment of foreclosure and sale was made on November 28, 2018.  *Id.*

On April 10, 2019, the New York State Supreme Court, New York County, per Hon.

Arlene P. Bluth, issued an order, filed April 29, 2019, granting a judgment of foreclosure and

sale, permitting the subject property to be sold.  *Id.*, Ex. C.

On July 15, 2019, Leonard filed an emergency order to show cause seeking a stay of the

sale of the subject property which the state court denied on July 18, 2019.  The court noted that it

had granted summary judgment against Leonard, that any dispute about that decision should have been addressed by appeal or motion to reargue, and that it was "improper to bring up these issues a week before the scheduled sale in this 2010 fully litigated foreclosure case." *Id.*, Ex D.

C.      **The Bankruptcy Proceedings**

Four days prior to the scheduled foreclosure sale, on July 19, 2019, appellant filed a petition under Chapter 13 of Title 11, 11 U.S.C. § 101, *et seq.* No. 19-12337 (Bankr. S.D.N.Y. July 19, 2019), ECF No. 1 ("Bankruptcy Petition"). On August 27, 2019, HSBC filed its proof of claim on Official Form 410, claiming a secured debt owed in the amount of $2,508,507.96 secured by a lien on the subject property. No. 20-cv-6806, Dkt No. 21-1, at 11 ("Proof of Claim"). The Proof of Claim identified the creditor as "HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2007-1." *Id.* at 11-13. It attached the original Note, the Mortgage, and proof of assignment of the Mortgage.

The extensive proceedings in the bankruptcy court that followed the proof of claim are thoroughly documented in Judge Morris's August 4, 2020, decision granting the Chapter 13 Trustee's motion to dismiss, familiarity with which is assumed. *See* No. 20-cv-6806, Dkt. No. 21-3, at 71-78. This Court describes only those proceedings that are necessary to the Court's decision. On October 7, 2019, Leonard initiated an adversary proceeding seeking to disallow HSBC's proof of claim. Leonard's adversary complaint alleged that HSBC's claim was fraudulent because the creditor did not have standing to foreclose on the subject property. *See* No. 20-cv-6806. Dkt No. 21-3, at 71; *see also* No. 20-cv-1558, Dkt. No. 29, Ex H. On November 5, 2019, HSBC filed a motion to dismiss the adversary proceeding and briefing on that motion then ensued. No. 20-cv-6806, Dkt No. 21-3, at 71. On January 30, 2020, the bankruptcy court held a hearing on HSBC's motion to dismiss the adversary proceeding and

ruled that it had met its burden of establishing standing to foreclose on the subject property by

providing documentation such as paperwork showing assignment of the mortgage to HSBC and

the Judgment of Foreclosure in favor of HSBC.  *Id.* at 72.

In addition to filing the adversary proceeding to challenge the validity of HSBC's claim,

Leonard filed a motion for objection to the claim on October 31, 2019 and amended motions for

objection to the claim, all seeking to void the claim by raising the same issues and facts as

asserted in the adversary proceeding.  *Id.*

On January 30, 2020, the bankruptcy court held a hearing on HSBC's motion to dismiss

Leonard's adversary proceeding and on Leonard's objection to the proof of claim.  After hearing

that a judgment of foreclosure and sale had been entered in state court, the bankruptcy court

dismissed the adversary proceeding on grounds that it was precluded by the *Rooker-Feldman*

doctrine, stating "[t]his is a state court issue."  No. 20-cv-1518, Dkt. No. 25, Ex. A, Transcript of

January 30, 2020 Hearing ("Tr.") at 7.  The court also denied the objection to the proof of claim

on *Rooker-Feldman* grounds, finding "as far as assignments, the Rooker-Feldman applies."  *Id*.

at 8.

On February 11, 2020, the bankruptcy court entered an order granting HSBC's motion to

dismiss the adversary complaint for the reasons stated at the January 20, 2020 hearing.  No. 20-

cv-1558, Dkt. No. 29, Ex. F.  It also entered an order denying the objection to the proof of claim

for the same reasons that it dismissed the adversary proceeding.  *Id*., Ex E.

On June 12, 2020, the Chapter 13 Trustee filed a second motion to dismiss Leonard's

Bankruptcy Petition.[1]  No. 20-cv-6806, Dkt No. 21-3 at 74.  The motion asserted that Leonard

---

[1] The Trustee's first motion to dismiss was filed on October 31, 2019, and asserted that Leonard
failed to file a Chapter 13 Plan, and requested that she be examined at the Section 341 meeting of

had failed to amend the Chapter 13 Plan to specifically reference all secured creditors and pre-

petition arrears as required by the United States Bankruptcy Code, and that the Chapter 13 Plan

was not feasible as it was not adequately funded to provide for full payment to the secured

claims. *Id*. It also alleged that Leonard did not qualify for Chapter 13 as her secured debts of

$2,520,116.66 far exceeded the jurisdictional limit of $1,257,850 to be eligible for relief under

Chapter 13. *Id*. The largest of the secured claims, and the one that put appellant over the limit,

was the secured claim of appellee. *Id*. Appellant responded to the motion to dismiss by

asserting that she objected to appellee's claim. On July 13, 2020, Leonard also filed an amended

motion for objection to appellee's claim, alleging yet again that it was fraudulent. *Id.*

On August 4, 2020, the court issued a memorandum decision and order granting the

Trustee's motion and dismissing the Bankruptcy Petition. *Id.* at 79-80. The court reiterated its

prior finding that Leonard had failed to meet the standard sufficient to successfully challenge

HSBC's claim. *Id*. at 76-77 (citing *in re Feinberg*, 442 B.R 215, 220 (Bankr. S.D.N.Y. 2010).

The court had found that HSBC "established its standing to foreclose on the Property by showing

proper chain of assignment of note and mortgage and providing the Judgement of Foreclosure

entered against the Debtor and in favor of the Creditor." *Id*. at 19.  Based on Leonard's failure

to successfully challenge the claim, the Court found that the Leonard's total secured debt was in

the amount of $2,520,116.66, which was in excess of the jurisdictional debt limit to be eligible

for relief under Chapter 13 of $1,257,850. *Id*. at 77 (citing 11 U.S.C. 109(e)). The court also

found that Leonard had failed to reference all secured claims including HSBC's claim as

required by 11 U.S.C. 1325(a)(5). *Id*. at 78. Accordingly, the court held that Leonard's

---

Creditors, commence Chapter 13 plan payments, or provide the Trustee with a copy of federal
and state income tax returns. No. 20-cv-6806, Dkt No. 21-3 at 73.

bankruptcy case failed to meet the statutory requirements under the bankruptcy code and was properly dismissed under 11 U.S.C. § 1307(c).

On August 5, 2020, the bankruptcy court also dismissed a second adversary proceeding that Leonard had filed on July 2, 2020, as moot in light of the dismissal of the bankruptcy case. No. 20-cv-1558, Dkt. No. 29, Ex. H.

## DISCUSSION

"District courts . . . review the legal conclusions of the Bankruptcy Court *de novo*, and its findings of fact under the clearly erroneous standard." *In re AMR Corp.*, 610 B.R. 434, 444 (Bankr. S.D.N.Y. 2019) (quoting *In re Motors Liquidation Co.*, 428 B.R. 43, 51 (Bankr. S.D.N.Y. 2010)); *see also In re Taylor*, 243 F.3d 124, 128 (2d Cir. 2001).

### A. The Bankruptcy Court Properly Dismissed Appellant's Adversary Action and Motion to Disallow The Claim

Leonard argued in the bankruptcy court and renews here the argument that HSBC's claim should have been disallowed and that the judgment in HSBC's favor should have been voided because HSBC had no standing to sue in state court for a judgment of foreclosure and sale. Leonard's claims include: (1) that HSBC was not properly assigned the Note and the Mortgage; (2) that HSBC is fictitious and not a proper legal entity and that there are other defects in the assignment papers that render those papers fraudulent; (3) that the papers submitted by HSBC in state court to obtain the judgment of foreclosure were fraudulent, that these defects could have been discovered in state court but for the negligence and tainted representation of Leonard by her counsel who was interested in arranging a sale of Leonard's property rather than in defending her and who both was not properly served at various times and also did not inform Leonard of activities and strategy in her case; and (4) that HSBC engaged in misconduct by switching counsel in state court after its initial counsel settled an action with the New York Attorney

6

General pursuant to which it admitted that it had occasionally made inadvertent errors in legal filings in foreclosure proceedings.

Leonard argues that her attorney in the foreclosure action failed to discover these various defects and willingly and deceitfully participated in a scheme with HSBC to defraud Leonard. She also notes that HSBC and Wells Fargo had been the subject of investigations. She complains that the law firm representing HSBC failed to obtain a proper consent to change attorney document when it replaced prior counsel. She also notes that the assignment of mortgage and corrective assignment of mortgage designated "HSBC Bank, USA, National Association, as Trustee for NAAAC Mortgage Pass-Through Certificates, Series 2007-1" as the assignee, *see* No. 20-cv-1558, Dkt No 29, Ex A, and that the judgment of foreclosure in state court was in favor of an entity with that name, which also filed the complaint, *see id.*, Ex. B, whereas the Proof of Claim was filed on behalf of "HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2007-1."

The Court discerns no error in the bankruptcy court's allowance of HSBC's claim and its dismissal of Leonard's adversary action. "A proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] . . . constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "Assuming that the 'averments in [the] filed claims meet the standard of sufficiency, it is 'prima facie' valid' [and] the burden then shifts to the objector to produce evidence sufficient to negate prima facie validity." *In re Feinberg*, 442 B.R. at 220 (quoting *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."

*In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) (quoting *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000). "If the objector does not 'introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the validity and the amount of the claim.'" *Id*. (quoting 4 Collier on Bankruptcy § 502.03(3)(f) (rev. ed. 2007)).

HSBC satisfied its prima facie burden of proof by submitting a timely proof of claim with an itemization of the principal, escrow, late charges and other costs associated with Leonard's default, along with the original Note and Mortgage and proof of the assignment of the Mortgage. *In re Feinberg*, 442 B.R. at 222. Leonard did not submit evidence to overcome the prima facie case. HSBC received in state court a judgment of sale and foreclosure. That judgment rested upon and necessarily concluded that HSBC had received a proper assignment of the Note and Mortgage. Leonard sought to challenge that conclusion and judgment on the theory that the judgment should be declared void because the state court judgment of foreclosure and sale was the product of fraud and an abuse of judicial process. However, all of Leonard's arguments are squarely foreclosed by the *Rooker-Feldman* doctrine. "In the Second Circuit, *Rooker-Feldman* applies when the following conditions are met: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites district court review of the judgment; and (4) the state court judgment was rendered before the district court proceedings commenced." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock v. Albany Cnty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Leonard lost in the state court foreclosure proceeding that preceded her bankruptcy court filing, she complained in the bankruptcy court of an injury caused by that state court proceeding and invited the

bankruptcy court to review that proceeding, and she asked the bankruptcy court to declare the

judgment obtained in state court to be void and not to honor it.  "[T]he state court was the proper

venue to challenge the foreclosure action, and . . . *Rooker-Feldman* bar[s] the [appellant's]

claims insofar as she sought to undermine the foreclosure judgment."  *In re Buckskin Realty Inc.*,

2016 WL 5360750, at *4 (Bankr. E.D.N.Y. Sept. 23, 2016) (citing cases).

Moreover, even if Leonard's claims were not barred by the *Rooker-Feldman* doctrine

under federal law, they are precluded under the New York law of *res judicata* which controls

here given "a New York state court rendered the prior judgment."  *In re Buckskin Realty Inc.*,

2016 WL 5360750, at *6.  The state court foreclosure action ended with an adjudication on the

merits, it involved Appellant as the person against whom *res judicata* is invoked, and the claims

Appellant makes now were or could have been asserted in the previous action.  *See id.; Amissah*

*v. Wells Fargo*, 2020 WL 868599, at *3 (E.D.N.Y. Feb. 20, 2020); *Harris ex relatione Harris v.*

*BNC Mortg., Inc.*, 2017 WL 1166357, at *5 (E.D.N.Y. Mar. 28, 2017).  Leonard was not free in

the bankruptcy court to challenge the conclusion of the state court on the merits.

The remainder of Leonard's claims were properly dismissed.  Leonard complains that the

amended motion to dismiss the adversary proceedings was not properly served on her in

November 2019.  No. 20-cv-1518, Dkt. No. 7, at 9. However, the record reflects that she

responded to the amended motion to dismiss and, in any event, Appellees have submitted an

affidavit of mailing providing proof that Leonard was served.  No. 20-cv-1558, Dkt. No. 29, Ex.

I.[2]  Although the assignment of mortgage and corrective assignment of mortgage designated

HSBC Bank, USA, National Association, as Trustee for NAAC Mortgage Pass-Through

---

[2] This document is not labeled "exhibit I" where it appears at Dkt. No. 29, but it is referenced as "Exhibit I" in preceding text in Dkt. No. 29, at p. 13, and is attached to Dkt. No. 29 immediately following Exhibit H.

Certificates, Series 2007-1 as the assignee, Dkt No 29, Ex A, whereas the Proof of Claim was filed on behalf of  HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2007-1, there is no evidence that the difference reflects anything other than that the name was abbreviated in the assignment of mortgage and corrective assignment of mortgage.

For the same reasons, Leonard's adversary proceeding was properly dismissed pursuant to the *Rooker-Feldman* doctrine and would have been properly dismissed, if *Rooker-Feldman* did not apply, on the basis of *res judicata*.  The adversary proceeding sought in effect to have the state court judgment voided and not be honored.  The place for Leonard to have made those arguments was in state court.

### B.        The Bankruptcy Court Properly Dismissed Appellant's Chapter 13 Case

Leonard also appeals the bankruptcy court's decision to dismiss her Chapter 13 bankruptcy case.  That dismissal was based on that court's determination that Leonard did not properly invoke Chapter 13 and did not satisfy the standard for bankruptcy relief under that provision.

The bankruptcy court did not err in dismissing Leonard's Chapter 13 case on the grounds that Leonard was not eligible to file a petition under chapter 13.  Section 109(e) of the Bankruptcy Code states in pertinent part: "Only an individual with . . . secured debts of less than $1,257,850 may be a debtor under chapter 13 of this title."  11 U.S.C. § 109(e).  Appellant had a total of $2,520,116.66 in secured debts as presented by claims filed and allowed on the Bankruptcy Court's register.  *See* No. 20-cv-6806, Dkt. No. 21-1.  Accordingly, it was proper for the court to have dismissed her case.  *See In re Mazzeo*, 131 F.3d 295, 305 (2d Cir. 1997) (affirming dismissal of a Chapter 13 petition where the debtor's unsecured debt exceeded the ceiling set by section 109(e); *In Re Wimmer*, 512 B.R. 498, 508-13 (Bankr. S.D.N.Y. 2014).

The court also did not err in ruling, in the alternative, that Leonard's case also should be dismissed because she filed a Chapter 13 Plan that did not list all of her secured claims as required by 11 U.S.C. § 1325(a)(5).  Section 1325(a) sets forth the items that must be included in a plan if the court is to confirm it, including a set of requirements with respect to "each allowed secured claim."  11 U.S.C. § 1325(a)(5).  Those requirements include that the plan provide that: (1) the holder of such claim retain the lien securing such claim until the earlier of the payment of the underlying debt or discharge; (2) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and (3) the debtor surrenders the property securing such claim to the holder.  *Id.*  Section 1307(c)(5) allows a court to dismiss a Chapter 13 case for failure to submit a confirmable plan.  11 U.S.C. § 1307(c)(5); *In re Jensen* 425 B.R. 105, 109 (Bankr. S.D.N.Y. 2010).  Here, the only entry listed under secured claims referred to the adversary proceeding and did not provide a plan for the payment of HSBC's claims.  The adversary proceeding was dismissed and the claim was allowed.  The court therefore did not err in finding that the plan did not satisfy the statutory requirements under the Bankruptcy Code and thus should be dismissed.

## CONCLUSION

For the reasons stated, the bankruptcy court's orders being challenged in this consolidated appeal are AFFIRMED and the appeal is DISMISSED.  The Clerk of Court is respectfully directed to terminate all pending motions and close the above-captioned cases and to mail a copy of this Opinion and Order to Petitioner.

SO ORDERED.

Dated: February 16, 2021
      New York, New York                          _____
                                                       LEWIS J. LIMAN
                                                  United States District Judge

11